# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

Direct Dial Number
+1-212-455-2542

E-mail Address
Martin.Bell@stblaw.com

BY ECF

October 18, 2024

Re:   *United States v. Ivanjoel Aryeetey,* 23 Cr. 561 (JPC)

The Honorable John P. Cronan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

The Government shall respond to Defendant's letter, at Docket Number 59, by 5:00 p.m. on October 21, 2024.

SO ORDERED
October 18, 2024
New York, New York

JOHN P. CRONAN
United States District Judge

Dear Judge Cronan:

    We represent Defendant Ivanjoel Aryeetey in the above-captioned case as appointed counsel under the Criminal Justice Act. We write to move exclude as untimely the Government's expert disclosure, provided to the Defense for the first time on October 17, 2024. We will also write separately today, pursuant to the Court's order (ECF No. 58), in partial opposition to the Government's letter motion *in limine* of October 12, 2024 (ECF No. 57).

### I.  The Government's Expert Was Not Timely Disclosed And Should Be Excluded under Rule 16

    On June 17, 2024, the Court entered a Pretrial Order scheduling this matter for trial beginning October 28, 2024. *See* ECF No. 43. The Pretrial Order stated that "[t]he deadline for the Government's expert disclosures pursuant to Federal Rule of [Criminal] Procedure 16(a)(1)(G) is August 16, 2024." *Id*. On October 17, 2024, the Government produced certain evidence related to DNA testing report prepared by Office of Chief Medical Examiner of the City of New York (OCME) from analysis of swabs of DNA taken from Mr. Aryeetey and from the gun relevant to the offense conduct. The Government also informed the Defense by phone that it seeks to call an OCME criminalist to testify regarding the DNA testing. The Government has failed to comply with the expert deadline set by the Court, and accordingly,

Simpson Thacher & Bartlett LLP

The Honorable John P. Cronan -2- October 18, 2024

the Defense respectfully requests that the Government be precluded from calling its criminalist at trial.[1]

Rule 16(d)(2)(C) provides that the Court may sanction a party that has not complied with Rule 16 by "prohibit[ing] that party from introducing the undisclosed evidence." If the Government violates its disclosure obligations under Rule 16, "[a] district court has broad discretion in fashioning a remedy . . . , including ordering the exclusion of evidence." *United States v. Hisan Lee*, 834 F.3d 145, 158 (2d Cir. 2016) (citing *United States v. Salameh*, 152 F.3d 88, 130 (2d Cir. 1998)). "In deciding what remedy is appropriate under Rule 16(d)(2), the district court should consider, *inter alia*, whether the defendant was prejudiced by the government's delay in disclosing the evidence in question." *United States v. Sanchez*, 912 F.2d 18, 21 (2d Cir. 1990).

Mr. Aryeetey has been in custody since his arrest on October 5, 2023, and has been incarcerated at the Brooklyn Metropolitan Detention Center ("MDC"). On September 6, 2024, the Government produced to the Defense a search warrant, issued the previous day, authorizing the collection of DNA samples from Mr. Aryeetey. The DNA collection was taken at the Brooklyn MDC on September 13, 2024 in the presence of counsel. The Government has not offered any explanation as to why it waited 11 months to collect DNA from Mr. Aryeetey, or why it only did so after its deadline for expert disclosures had passed.

The DNA testing documentation produced by the Government on October 17 indicates that, on August 23, 2024, the Government requested for the first time DNA testing to be performed on three swabs taken from the gun. Those swabs were taken on September 5, 2023—the date the gun was recovered by law enforcement. *See id*. at -716. As with Mr. Aryeetey's swab, it is not clear to the Defense why the Government delayed approximately ten months before submitting the gun swabs to OCME for testing.

Until late August 2024, therefore, it appeared that the Government was entirely comfortable that it would secure Mr. Aryeetey's conviction using the evidence it had collected until that point—including surveillance video of Mr. Aryeetey tossing a green object, eyewitness testimony regarding the same, law enforcement accounts regarding the stop of Mr. Aryeetey's car and subsequent foot chase, and police bodycam footage of the recovery of the gun. This case was scheduled for trial on June 17; since that time, the Defense and the Government had not been engaged in discussions that might obviate the need for the October 28 trial date. The Government did not request a trial adjournment from the Court when it made its untimely determination in late August that it would seek to introduce DNA evidence through an expert—evidence that would plainly require (at the least) several weeks for OCME to test and issue a report. Nor did the Government simply communicate to the Court for its awareness that it anticipated that certain of its disclosures would be late under the so-ordered schedule.

Under these circumstances, the only appropriate remedy is exclusion of the belatedly disclosed expert. For example, in *United States v. Davis*, the Eighth Circuit affirmed the

---

[1] As also set forth in this letter, the notice itself, while late, is also substantively deficient.

district court's Rule 16 exclusion of DNA evidence where the Government did not request expedited testing of DNA until a month after its discovery deadline, and failed to give "any explanation for the delay." 244 F.3d 666, 669-671 (8th Cir. 2001). *See also United States v. Mahaffy*, 2007 U.S. Dist. LEXIS 30077 at *9 (E.D.N.Y Apr. 24, 2007) (excluding untimely submitted expert testimony under Rule 16 and observing that "[f]ailure to comply with deadlines set forth by a court is a separate and independent basis for precluding [expert] testimony."); *United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988) (affirming exclusion of laboratory report where Government failed to produce report by ordered deadline, which the Court had set to permit "defendants [to] have sufficient time to review the report and prepare for trial"); *United States v. Roy*, 2006 U.S. Dist. LEXIS 9583, at *5-6 (D. Minn. Feb. 21, 2006) ("The Court finds that the late piecemeal disclosure of [the] expert report and accompanying documentation is untimely and will prejudice Defendant. . . . Such late and incomplete disclosure severely disadvantaged Defendant who has not had adequate time to prepare his cross examination or to secure his own expert to rebut [expert's] testimony.").

To the extent the Government argues that the appropriate solution to its untimely disclosure is a continuance, such a remedy is patently inadequate, and highly prejudicial to Mr. Aryeetey. Effectively, the Government would seek a result that has no consequences for the Government's disregard of Court-ordered disclosure deadlines, but significantly prejudices Mr. Aryeetey by further prolonging his imprisonment in the MDC, where he has resided for over a year under abhorrent conditions. Such brutal and dangerous conditions of the MDC are well-documented by Courts within the Second Circuit. *See generally United States v. Colucci*, 2024 U.S. Dist. LEXIS 138497, at *11 (E.D.N.Y. Aug. 5, 2024) (Brown, *J.*) ("Chaos reigns, along with uncontrolled violence. . . . Through review of sealed documents, official government statements, judicial opinions and news media reports, this Court has identified shocking instances of brutal violence within the facility."); *United States v. Griffin*, 2024 U.S. Dist. LEXIS 102127, at *9 (E.D.N.Y. June 9, 2024) (Komitee, *J.*) ("[I]t has been well documented that the MDC has an ongoing issue with frequent lockdowns due to violence and the threat of violence."); *United States v. Chavez*, 2024 U.S. Dist. LEXIS 1525, at *11-17 (S.D.N.Y. Jan. 4, 2024 (Furman, *J.*) (The conditions at the MDC are dreadful in many respects, but three warrant particular emphasis. First, inmates at the MDC spend an inordinate amount of time on "lockdown" — that is, locked in their cells, prohibited from leaving for visits, calls, showers, classes, or exercise. . . . Second, the MDC is notoriously and, in some instances, egregiously slow in providing necessary medical and mental health treatment to inmates . . . Finally, the MDC's physical conditions have long been problematic."). Indeed, as recently as two weeks ago, nine inmates and a guard were charged with various violent crimes, including two murders that occurred this past summer.[2]

Moreover, the Government has still not entirely satisfied its expert disclosure obligations. Rule 16(a)(1)(G) requires that the Government provide for each of its expert witnesses:

---

[2] https://www.nytimes.com/2024/09/30/nyregion/inmates-charged-mdc-brooklyn-jail.html.

Simpson Thacher & Bartlett LLP

The Honorable John P. Cronan     -4-     October 18, 2024

- a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

- the bases and reasons for them;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Although the Government produced the OCME report and provided the name of the relevant criminalist, the Defense does not yet have any of the disclosure enumerated above that the Government is obligated to provide under Rule 16(a)(1)(G)—information that should have been produced to the Defense on August 16. These deadlines do not serve an arbitrary purpose; expert discovery and trial preparation is necessarily complex and time-consuming. Facing an imminent trial, the Mr. Aryeetey is left in the untenable position of preparing a defense to the Government's DNA evidence on ten days' notice. Accordingly, in light of the substantial prejudice to Mr. Aryeetey caused by the Government's inexplicable delay, the Government should be precluded from calling its OCME criminalist to offer testimony regarding the DNA testing and report at trial.

Respectfully Submitted,

*/s/ Martin Bell*

Martin S. Bell
Andrew W. Marrero

cc: Government Counsel