UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                           :

UNITED STATES OF AMERICA,           :

                                           :

                    -v-                    :               23 Cr. 561 (JPC)

                                           :

IVANJOEL ARYEETEY,            :                 <u>ORDER</u>

                    Defendant.       :

                                           :

------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The Court will hold a charge conference on November 1, 2024, at 12:00 p.m. in Courtroom

12D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New

York 10007.  The parties should be prepared to raise any objections to the proposed jury charge

and verdict form, which are attached as exhibits to this Order.

       SO ORDERED.

Dated:  October 31, 2024                    _____
       New York, New York                  JOHN P. CRONAN
                                   United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                                            :
             -v-                                            :            23 Cr. 561 (JPC)
                                                            :
                                                            :            VERDICT FORM
IVANJOEL ARYEETEY,                                          :
                                                            :
                      Defendant.                            :
                                                            :
------------------------------------------------------------------X

        Do not write anything on this form except to check a response or to sign and date the form.

The Jury's verdict must be unanimous on each question.

**COUNT ONE:  Possession of a Firearm After a Prior Felony Conviction**

        How do you find Ivanjoel Aryeetey with respect to Count One?


        Not Guilty _____                    Guilty _____



**FINAL INSTRUCTION**:

Once you have considered and reached a verdict on Count One, please have the foreperson sign and date the verdict sheet and notify the Marshal that you have reached a verdict.  Do not tell the Marshal what the verdict is.


Dated: November ___, 2024                    _____
       New York, New York                                    Foreperson

**DRAFT**

1    UNITED STATES DISTRICT COURT
2    SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
                                                          :
            -v-                                           :
                                                          :        23 Cr. 561 (JPC)
                                                          :
IVANJOEL ARYEETEY,                                        :
                                                          :
                       Defendant.                         :
                                                          :
-----------------------------------------------------------------X

3
4                              **JURY CHARGE**

# Table of Contents

1
2   I.      Introduction ............................................................................................................ 1
3   II.     General Instructions ............................................................................................. 2

4       A.  Role of the Court ............................................................................................ 2
5       B.  Role of the Jury ............................................................................................... 2
6       C.  Equality of the Parties .................................................................................... 3
7       D.  Presumption of Innocence .............................................................................. 3
8       E.  Proof Beyond a Reasonable Doubt ................................................................ 4
9       F.  Nature of the Evidence ................................................................................... 5
10      G.  Direct and Circumstantial Evidence .............................................................. 6
11      H.  Inferences ....................................................................................................... 7
12      I.  Rulings on Evidence and Objections .............................................................. 8
13      J.  Credibility of Witnesses ................................................................................. 8
14      K.  Stipulations ................................................................................................... 10

15  III.    Substantive Instructions .................................................................................... 10

16      A.  Summary of the Indictment ........................................................................... 10
17      B.  Variance in Dates ......................................................................................... 11
18      C.  Elements of the Offense ................................................................................ 11

19          1.  First Element – The Defendant's Prior Conviction ............................... 11
20          2.  Second Element – Knowing Possession of a Firearm ........................... 12
21              a.  "Firearm" ....................................................................................... 12
22              b.  "Possession" ................................................................................... 13
23              c.  "Knowingly" ................................................................................... 13
24          3.  Third Element – In or Affecting Interstate or Foreign Commerce ........... 14

25      D.  Venue ............................................................................................................ 14
26      E.  Defense Theory of the Case .......................................................................... 15

27  IV.     Further General Instructions .............................................................................. 15

28      A.  Preparation of Witnesses .............................................................................. 15
29      B.  Persons Not on Trial ..................................................................................... 16
30      C.  Number of Witnesses .................................................................................... 16
31      D.  Expert Witnesses ........................................................................................... 16
32      E.  Law Enforcement or Government Witnesses ................................................ 17
33      F.  Use of Evidence Obtained Pursuant to Searches and Seizures .................... 17
34      G.  Investigative Technique ................................................................................ 18
35      H.  Recordings .................................................................................................... 18
36      I.  Uncalled Witnesses ....................................................................................... 18
37      J.  Defendant's Right Not to Testify ................................................................... 19

38  V.      Final Instructions Regarding Jury Deliberations ............................................... 19

39      A.  Duties of the Foreperson ............................................................................... 19
40      B.  Right to See Exhibits and Hear Testimony; Communications with Court ...... 19
41      C.  Notes ............................................................................................................. 20

1    D.   Improper Considerations:  Race, Religion, National Origin, Sex, or Age........................ 21
2    E.   Verdict Form and Return of Verdict ..................................................................... 21
3    F.   Juror Oath........................................................................................................... 21
4    G.   Everyone Must be Present ................................................................................... 22
5    H.   Remaining Issues ................................................................................................ 22

6    VI.   Conclusion ................................................................................................................ 23
7

## I.  Introduction

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict.

These instructions will include some general guidance about your role and about how you are to decide the facts of the case, including the burden of proof you must apply.  Many of these instructions would apply to any trial.

I will also give you more specific instructions about the legal rules applicable to this particular case, including a description of the elements of the charge against the Defendant, Ivanjoel Aryeetey.

And lastly, I will give you instructions on the general rules governing your deliberations.

I will read most, if not all, of these instructions to you.  It is not my favorite way to communicate with a jury, but there is a crucial need for precision in what I tell you.  The law is stated and expressed in words, and those words are very carefully chosen.  So when I tell you the law, it is critical that I use exactly the right words.

I have given each of you a copy of this charge.  If you find it easier to listen and understand while you are following along with me, please do so.  If you prefer, you can just listen and not follow along.  Either way, you will have a copy of these instructions with you in the jury room, so you can refer to them if you want to re-read any portion to facilitate your deliberations.  Because you will have a copy in the jury room, do not worry if you miss a word or two.  For now, listen carefully and try to concentrate on the substance of what I am saying.  I ask for your patience, cooperation, and attention.

DRAFT

1    You will also have with you in the jury room a verdict form on which to record your verdict.

2    That form will have the question you must consider.

3                                **II.  General Instructions**

4    **A.    Role of the Court**

5    My duty at this point is to instruct you as to the law.  It is your duty to accept these

6    instructions of law, along with the instructions I have given you during the course of the trial, and

7    to apply them to the facts as you determine them.  It has been my duty to preside over the trial and

8    to decide what testimony and evidence were proper under the law for your consideration.

9    On these legal matters, you must take the law as I give it to you.  If anyone has stated a

10   legal principle that is different from any that I state to you in my instructions, it is my instructions

11   that you must follow.  You should consider these instructions together as a whole; in other words,

12   you should not isolate or give undue weight to any particular instruction or part of the instructions.

13   **B.    Role of the Jury**

14   As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon

15   the evidence.  You determine the credibility of the witnesses.  You resolve whatever conflicts, if

16   any, there may be in the evidence presented by the parties.  You draw whatever reasonable

17   inferences you believe should be drawn from the facts as you have determined them, and you

18   determine the weight of the evidence.  In doing so, remember that you took an oath to render

19   judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the

20   evidence and the law.

21   It is your sworn duty, and you have taken the oath as jurors, to determine the facts and to

22   follow the law as I give it to you.  You must not substitute your own notions or opinions of what

23   the law is or ought to be.

2

1  **C.    Equality of the Parties**

2      I remind you that in reaching your verdict, you are to perform your duty of finding the facts

3  without bias or prejudice as to any party.  You must remember that all parties stand as equals

4  before a jury in the courts of the United States.  You must also remember that it would be improper

5  for you to allow any feelings you might have about the nature of the crimes charged to interfere

6  with your decision-making process.

7      This case is important to Mr. Aryeetey, who is charged with a serious crime.  It is also

8  important to the Government, for the enforcement of criminal laws is a matter of prime concern to

9  the public.

10     The fact that the prosecution is brought in the name of the United States does not entitle

11 the Government or its witnesses to any greater consideration than that accorded to any other party.

12 By the same token, the Government is entitled to no less consideration.  Your verdict must be

13 based solely on the evidence or the lack of evidence.

14 **D.    Presumption of Innocence**

15     Now, I will instruct you on the presumption of innocence and the Government's burden of

16 proof in this case.  Mr. Aryeetey has pleaded not guilty.  In doing so, he has denied every allegation

17 charged against him.  As a result of Mr. Aryeetey's plea of not guilty, the burden is on the

18 Government to prove his guilt beyond a reasonable doubt.  This burden never shifts to Mr.

19 Aryeetey for the simple reason that the law never imposes on a defendant in a criminal case the

20 burden or duty of calling any witness or producing any evidence.

21     Mr. Aryeetey began this trial with a clean slate.  The law presumes him to be innocent of

22 the charge against him.  This presumption of innocence alone is sufficient to acquit Mr. Aryeetey

23 unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after

3

1    careful and impartial consideration of all the evidence in this case.  Mr. Aryeetey was entitled to

2    this presumption when the trial began; it remains with him even now as I speak to you; and it will

3    continue with him during your deliberations unless and until you are convinced that the

4    Government has proved his guilt beyond a reasonable doubt.

5        Your verdict must be unanimous on the count of the Indictment.  If the Government fails

6    to sustain its burden as to that count, then you must find Mr. Aryeetey not guilty.

7    **E.    Proof Beyond a Reasonable Doubt**

8        Now, the next question naturally presents itself, what is reasonable doubt?  The words

9    almost define themselves.  It is a doubt that a reasonable person has after carefully weighing all of

10   the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of

11   importance in his or her personal life.  Reasonable doubt requires more than a belief that a

12   defendant is probably guilty.  On the other hand, a reasonable doubt is not speculation or suspicion.

13   It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

14       Proof beyond a reasonable doubt therefore does not require the Government to establish

15   proof of guilt as an absolute certainty or beyond all possible doubt.  Instead, the Government must

16   establish guilt beyond a reasonable doubt with proof of such a convincing character that a

17   reasonable person would not hesitate to rely and act upon it in the most important of his or her

18   own affairs.

19       If after fair and impartial consideration of all the evidence, or the lack of evidence, you

20   have a reasonable doubt as to Mr. Aryeetey's guilt on the count of the Indictment, then you must

21   find him not guilty.  On the other hand, if after fair and impartial consideration of all the evidence

22   you are satisfied of Mr. Aryeetey's guilt beyond a reasonable doubt, it is your duty to find Mr.

23   Aryeetey guilty.

1    **F.    Nature of the Evidence**

2        In determining the facts, you must rely upon your own recollection of the evidence.  What

3    is evidence?  Evidence consists of the testimony of witnesses, the exhibits that I have received in

4    evidence, and the stipulations of the parties.

5        The statements and arguments made by the lawyers are not evidence.  Their arguments

6    were intended to convince you what conclusions you should draw from the evidence or lack of

7    evidence.  Now, those arguments are important.  You should weigh and evaluate them carefully.

8    But you must not confuse them with the evidence.  And your recollection of the evidence at trial

9    governs, not the statements of the lawyers.

10       You should also bear in mind that a question put to a witness is never evidence.  It is the

11   answer to the question that is evidence.  One exception to this is that you may not consider any

12   answer that I directed you to disregard or that I ordered to be stricken from the record.  Any exhibit

13   that was not received into evidence is not evidence.  Thus, exhibits marked for identification but

14   not admitted are not evidence, nor are materials that were used only to refresh a witness's

15   recollection or to question or impeach a witness.

16       The personalities and the conduct of counsel are not in any way at issue.  If you formed

17   opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you

18   approved or disapproved of their behavior, those opinions should not enter into your deliberations.

19       Nothing I have said during trial is evidence.  If I commented on the evidence at any time,

20   do not accept my statements in place of your recollection or your interpretation.

21       At times I may have admonished a witness or directed a witness to be responsive to

22   questions or to keep his or her voice up.  At times, I may have repeated a question asked or asked

23   a question myself.  Any questions that I asked, or instructions that I gave, were intended only to

1   clarify the presentation of evidence and to bring out something that I thought might be unclear.

2   You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to

3   any witness or any party in the case, by reason of any comment, question, or instruction of mine.

4   Nor should you infer that I might have any views as to the credibility of any witness, as to the

5   weight of the evidence, or as to how you should decide any issue that is before you. That is entirely

6   your role.

7   **G.      Direct and Circumstantial Evidence**

8         As I mentioned at the beginning of trial, there are two types of evidence that you may

9   properly use in deciding whether a defendant is guilty or not guilty beyond a reasonable doubt of

10  a crime with which he or she is charged.

11        One type of evidence is called direct evidence. Direct evidence of a fact in issue is

12  presented when a witness testifies to that fact based on that witness's own knowledge, by virtue of

13  what he or she personally saw, heard, or observed.

14        The second type of evidence is circumstantial evidence. Circumstantial evidence is

15  evidence that tends to prove a disputed fact indirectly by proof of other facts. There is a simple

16  example of circumstantial evidence that is often used in this courthouse.

17        Assume that when you came into the courthouse this morning that the sun was shining and

18  it was a nice day outdoors. Assume that throughout the day, the courtroom shades were drawn

19  and you could not look outside. Assume further that as you were sitting here, someone walked in

20  with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in

21  with a raincoat that was also dripping wet. Now, because you were indoors and unable to look

22  outside to see whether it was raining, you would have no direct evidence as to whether it was

1   raining.  But, on the combination of facts that I have asked you to assume, it would be reasonable

2   and logical for you to conclude that it was raining.

3          That is all there is to circumstantial evidence.  You infer based on your reason, experience,

4   and common sense from one established fact the existence or nonexistence of some other fact.

5          To be very clear, circumstantial evidence may be given as much weight as direct evidence.

6   Many material facts, such as state of mind, are not easily proved by direct evidence.  Usually, such

7   facts are established by circumstantial evidence and the reasonable inferences you draw.  The law

8   makes no distinction between direct and circumstantial evidence but simply requires that before

9   convicting a defendant, the jury must be satisfied of a defendant's guilt beyond a reasonable doubt,

10   based on all of the evidence in the case.

11   **H.     Inferences**

12          I just mentioned inferences.  And in their arguments, you have heard the attorneys ask you

13   to infer, on the basis of your reason, experience, and common sense, from one or more established

14   facts, the existence of some other fact.

15          There are times when different inferences may be drawn from facts, whether proved by

16   direct or circumstantial evidence.  The Government may have asked you to draw one set of

17   inferences, while the defense may have asked you to draw another.  It is for you, and you alone, to

18   decide whether and what inferences you will draw.

19          The process of drawing inferences from facts in evidence is not a matter of guesswork,

20   suspicion, or speculation.  An inference is a reasonable, logical deduction or conclusion that you,

21   the jury, are permitted—but not required—to draw from the facts that have been established by

22   either direct or circumstantial evidence.

1    But please remember that while you should rely on your experience and common sense in

2    drawing inferences, you may not use your experience and common sense to fill in or create

3    evidence that does not exist.  You use them only to draw reasonable inferences from facts proved

4    beyond a reasonable doubt or to weigh and evaluate the evidence provided during the trial.

5    **I.     Rulings on Evidence and Objections**

6    On the topic of inferences, you should draw no inference or conclusion for or against any

7    party by reason of lawyers making objections or my rulings on such objections.  Counsel have not

8    only the right, but the duty, to make legal objections when they think that such objections are

9    appropriate.  Nor were my rulings on objections during trial any indication of my views or opinions

10   of this case.  Further, do not concern yourself with what was said at sidebar conferences or during

11   my discussions with counsel or the parties outside your presence.  Those discussions related to

12   issues of law and are wholly outside of your concern.

13   **J.     Credibility of Witnesses**

14   I am going to give you a few general instructions as to how you may determine whether

15   witnesses are credible and reliable, whether the witnesses told the truth at this trial, and whether

16   they knew what they were talking about.  How do you determine that?  When evaluating witness

17   credibility, you should use your common sense, good judgment, and life experiences.

18   Consider how well the witness was able to observe or hear what he or she testified about.

19   The witness may be honest but mistaken.  How did the witness's testimony impress you?  Did the

20   witness appear to be testifying honestly and candidly?  Were the witness's answers direct or were

21   they evasive?   Consider the witness's demeanor, manner of testifying, and the strength and

22   accuracy of the witness's recollection.  Consider whether any outside factors might have affected

23   a witness's ability to perceive events.

1    Consider the substance of the testimony.  How does the witness's testimony compare with

2    other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a

3    conflict, does any version appear reliable, and if so, which version seems more reliable?

4    In addition, you may consider whether a witness had any possible bias or relationship with

5    a party or any possible interest in the outcome of the case.  Such a bias or relationship does not

6    necessarily make the witness unworthy of belief.  These are simply factors that you may consider.

7    If a witness made statements in the past that are inconsistent with his or her testimony

8    during the trial concerning facts that are at issue here, you may consider that fact in deciding how

9    much of the testimony, if any, to believe.  In making this determination, you may consider whether

10   the witness purposely made a false statement, or whether it was an innocent mistake.  You may

11   also consider whether the inconsistency concerns an important fact or merely a small detail, as

12   well as whether the witness had an explanation for the inconsistency, and if so, whether that

13   explanation appealed to your common sense.

14   If you find that a witness has testified falsely as to any material fact or if you find that a

15   witness has been previously untruthful when testifying under oath or otherwise, you may reject

16   that witness's testimony in its entirety or you may accept only those parts that you believe to be

17   truthful or that are corroborated by other independent evidence in the case.

18   In addition, you do not have to accept the testimony of any witness who has not been

19   contradicted or impeached, if you find the witness not to be credible.  You also have to decide

20   which witnesses to believe and which facts are true and which facts are not true.  To do this you

21   must look at all the evidence, drawing upon your own common sense and personal experience and

22   good judgment.

1    It is for you, the jury, and for you alone, not the lawyers, or the witnesses, or me as the

2  judge, to decide the credibility of the witnesses who testified and the weight that their testimony

3  deserves.

4  **K.     Stipulations**

5    You have heard evidence in the form of stipulations of testimony.  A stipulation of

6  testimony is an agreement between the parties, that is to say, the Government and the defense, that

7  if called as a witness, the person would have given certain testimony.  You must accept as true the

8  fact that the witness would have given that testimony.  But it is still for you, the jury, to determine

9  the weight to be given to that testimony.

10    You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an

11  agreement among the parties that a certain fact is true.  You must accept those facts in stipulations

12  as true.  It is for you, however, to determine the weight to be given to any stipulated fact.

13                          **III.  Substantive Instructions**

14  **A.     Summary of the Indictment**

15    The defendant, Ivanjoel Aryeetey, has been formally charged in what is called an

16  Indictment.  An Indictment is simply an accusation.  It is no more than the means by which a

17  criminal case is started.  It is not evidence.  It is not proof of a defendant's guilt.  You are to give

18  no weight to the fact that an indictment has been returned against Mr. Aryeetey.

19    Count One of the Indictment charges Mr. Aryeetey with violating Title 18, United States

20  Code, Section 922(g)(1), which makes it a crime for a person previously convicted of a crime

21  punishable by more than one year in prison to knowingly possess in or affecting commerce a

22  firearm.  Specifically, Count One charges:

23    On or about September 5, 2023, in the Southern District of New York and
24    elsewhere, IVANJOEL ARYEETEY, the defendant, knowing he had previously

DRAFT

1  been convicted in a court of a crime punishable by imprisonment for a term
2  exceeding one year, knowingly possessed a firearm, to wit, one 9mm Taurus pistol,
3  and the firearm was in and affecting commerce.
4
5  Before you begin your deliberations, you will be provided with a copy of the Indictment.

6  **B.  Variance in Dates**

7  Before I describe the specific elements of this alleged offense, I will advise you that it does

8  not matter if the Indictment charges that a specific act occurred on or about a certain date, but the

9  evidence indicates that the specific act, in fact, occurred on another date.  The law only requires a

10  substantial similarity between the date alleged in the Indictment and the date established by the

11  evidence or the amounts alleged in the Indictment and the amounts established by the evidence.

12  Thus, it is not necessary for the Government to prove, for example, the exact dates specified in the

13  Indictment.

14  **C.  Elements of the Offense**

15  To sustain its burden of proof on Count One, the Government must prove beyond a

16  reasonable doubt the following three elements:

17  *First*, that Mr. Aryeetey knew he had previously been convicted of a crime punishable by

18  imprisonment for a term exceeding one year—in other words, a felony—prior to the date he is

19  charged with possessing a firearm;

20  *Second*, that Mr. Aryeetey knowingly possessed a firearm; and

21  *Third*, that Mr. Aryeetey's possession of the firearm was in or affecting interstate or foreign

22  commerce.

23  **1.  First Element – The Defendant's Prior Conviction**

24  The first element that the Government must prove beyond a reasonable doubt is that Mr.

25  Aryeetey knew that he had been convicted of a crime punishable by imprisonment for a term

11

DRAFT

1  exceeding one year in a court of the United States, or any state, prior to September 5, 2023, the

2  date he is charged with possessing the firearm.

3      Mr. Aryeetey and the Government have stipulated, or agreed, that prior to September 5,

4  2023, Mr. Aryeetey had been convicted of such a crime, and that Mr. Aryeetey knew that he had

5  been convicted of such a crime.  Thus, this first element of Count One is not disputed.

6      Mr. Aryeetey's prior conviction is to be considered by you only for the limited purpose of

7  determining whether this element is satisfied.  You are not to consider it for any other purpose.

8  You are not to speculate as to what the conviction was for.  For instance, you may not consider the

9  prior conviction in any way in deciding whether the Government has proved beyond a reasonable

10  doubt that Mr. Aryeetey was in knowing possession of a firearm on or about September 5, 2023,

11  as charged in Count One of the Indictment.  Your verdict must be based solely on the evidence

12  presented in this trial, in accordance with my instructions.

13      **2.  Second Element – Knowing Possession of a Firearm**

14      The second element that the Government must prove beyond a reasonable doubt is that on

15  or about September 5, 2023, Mr. Aryeetey knowingly possessed the firearm that he is charged with

16  possessing in the Indictment.

17          **a.  "Firearm"**

18      A "firearm" is pretty much self-explanatory.  The technical definition is "any

19  weapon . . . which will or is designed to or may be readily converted to expel a projectile by the

20  action of an explosive."  In considering the specific element of whether Mr. Aryeetey possessed a

21  firearm, it does not matter whether the firearm was loaded or operable at the time of the crime.

1          **b.  "Possession"**

2          Possession is pretty much what it sounds like; that is, having physical custody or control

3    of an object, as I possess this pen.  This is called "actual possession."  However, it is not necessary

4    that a person have an object on his or her person in order to have legal possession of it.  If a person

5    has the ability to exercise substantial control over an object, even if he or she does not have the

6    object in his or her physical custody, and that person has the intent to exercise such control, then

7    the person is in possession of that object.  This is called "constructive possession."

8          The law also recognizes that possession may be sole or joint.  If one person alone possesses

9    an object, that is sole possession.  However, it is possible that more than one person may have the

10   power and intention to exercise control over firearms.  This is called joint possession.  If you find

11   beyond a reasonable doubt that Mr. Aryeetey had such power and intention, then he possessed the

12   firearm under this element even if he possessed it jointly with another.  Proof of ownership of the

13   firearm is not required.

14          **c.  "Knowingly"**

15          Under this third element, you must also find that the defendant "knowingly" possessed the

16   firearm.  In order to "knowingly" possess a firearm, you must find beyond a reasonable doubt that

17   Mr. Aryeetey possessed the firearm purposely and voluntarily, and not by accident or mistake.

18   "Knowingly" also means that Mr. Aryeetey knew that the weapon was a firearm, as we commonly

19   use the word.

20          However, the Government is not required to prove that Mr. Aryeetey knew that he was

21   breaking the law.  It is sufficient if the defendant possessed the firearm charged in the Indictment

22   purposely and voluntarily, as opposed to by accident or mistake.  The length of time of the

23   possession—or the reasons why an item was possessed—are not relevant.

### 3.  Third Element – In or Affecting Interstate or Foreign Commerce

The third element that the Government must prove beyond a reasonable doubt is that the firearm that Mr. Aryeetey is charged with possessing was in or affecting interstate or foreign commerce.

This means that the Government must prove beyond a reasonable doubt that at some time before Mr. Aryeetey's possession, the firearm had traveled in interstate or foreign commerce.  It is sufficient for the Government to satisfy this element by proving that, at some point before Mr. Aryeetey's possession, the firearm moved over a state line or the United States border, so long as they do so beyond a reasonable doubt.

Mr. Aryeetey and the Government have stipulated, or agreed, that the firearm marked as Government Exhibit 1 is a 9mm Taurus USA pistol with a defaced serial number, and that Government Exhibit 1 was not manufactured in the State of New York.

The Government does not have to prove that Mr. Aryeetey himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.  It is also not necessary for the Government to prove that Mr. Aryeetey knew that the firearm had previously crossed a state or national border.

### D.  Venue

In addition to proving the essential element of Count One that I just mentioned beyond a reasonable doubt, the Government also must prove that at least one act in furtherance of the charge occurred in the Southern District of New York.  That act itself need not be a criminal act.  This is called establishing venue.

The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

1    Unlike the elements of the offenses which must be proved beyond a reasonable doubt, the

2    Government is only required to prove venue by a preponderance of the evidence.  A preponderance

3    of the evidence means that it is more probable than not that some act in furtherance of the crime

4    you are considering occurred in this District.  But I remind you that the Government must prove

5    all other elements of the offense beyond a reasonable doubt.

6    If you find that the Government has failed to prove venue on Count One, then you must

7    find Mr. Aryeetey not guilty.

8    **E.    Defense Theory of the Case**

9    *To be proposed by defense.*

10    **IV.  Further General Instructions**

11    **A.    Preparation of Witnesses**

12    You have heard evidence that, prior to appearing in court, witnesses have discussed the

13    facts of the case and their testimony with the lawyers.  Although you may consider this fact when

14    you are evaluating a witness's credibility, I should tell you that there is nothing improper or

15    unusual about a witness meeting with lawyers before testifying so that the witness can be aware

16    of the subjects he or she will be questioned about, can focus on those subjects, and have the

17    opportunity to review relevant exhibits before being questioned about them.  Such consultation

18    helps conserve our time during trial.  In fact, it would be unusual for a lawyer to call a witness

19    without such consultation.

20    Again, the weight you give to the fact or the nature of a witness's preparation for his or her

21    testimony and what inferences you draw from such preparation are matters completely within your

22    discretion.

15

1  **B.      Persons Not on Trial**

2       You may not draw any inference, favorable or unfavorable, toward the Government or Mr.

3  Aryeetey from the fact that certain persons other than Mr. Aryeetey were not named in the

4  Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those

5  matters are wholly outside your concern and have no bearing on your function as jurors.  In other

6  words, your job is to determine whether the Government met its burden of proof with respect to

7  Mr. Aryeetey and Mr. Aryeetey alone.

8  **C.      Number of Witnesses**

9       The fact that one party called more witnesses and introduced more evidence than the other

10  does not mean that you should necessarily find the facts in favor of the side offering the most

11  witnesses or introducing the most evidence.  You should keep in mind that the burden of proof is

12  always on the Government and that Mr. Aryeetey is not required to call any witnesses or offer any

13  evidence, since he is presumed to be not guilty.

14  **D.      Expert Witnesses**

15       You have heard testimony from an expert witness.  An expert witness is someone who, by

16  education or experience, has acquired learning or experience in a specialized area of knowledge.

17  Such a witness is permitted to express his or her opinions on matters about which he or she has

18  specialized knowledge and training.  The parties may present expert testimony to you on the theory

19  that someone who is experienced in the field can assist you in understanding the evidence or in

20  reaching an independent decision on the facts.

21       Your role in judging credibility applies to the expert as well as other witnesses.  In weighing

22  the expert's opinion, you may consider the expert's qualifications, education, and reasons for

23  testifying, as well as all of the other considerations that ordinarily apply, including all the other

16

1  evidence in the case.  If you find the opinion of the expert is based on sufficient data, education,

2  and experience, and the other evidence does not give you reason to doubt his conclusions, you

3  would be justified in placing reliance on his testimony.  However, you should not accept witness

4  testimony simply because the witness is an expert.  The determination of the facts in this case rests

5  solely with you, the finders of fact.

6  **E.      Law Enforcement or Government Witnesses**

7         You have heard the testimony of law enforcement or other government witnesses.  The fact

8  that a witness may be employed as a law enforcement official or government employee does not

9  mean that his or her testimony is necessarily deserving of more or less consideration or greater or

10 lesser weight than that of another witness.

11        At the same time, it is quite legitimate for defense counsel to try to attack the credibility of

12 a law enforcement witness on the grounds that the witness's testimony may be colored by a

13 personal or professional interest in the outcome of the case.

14        It is your decision, after reviewing all of the evidence, whether to accept the testimony of

15 the law enforcement or government witnesses, as it is with every other type of witness, and to give

16 to that testimony the weight you find it deserves.

17 **F.      Use of Evidence Obtained Pursuant to Searches and Seizures**

18        You have heard testimony about or seen evidence seized in connection with certain

19 searches or seizures conducted by law enforcement officers, including of certain electronic

20 devices.  Evidence obtained from these searches and seizures was properly admitted in this case,

21 and may be properly considered by you.   Indeed, such searches and seizures are entirely

22 appropriate law enforcement actions.  Whether you approve or disapprove of how evidence was

23 obtained should not enter into your deliberations, because I instruct you that the Government's use

17

1    of the evidence is entirely lawful.  You must, therefore, regardless of your personal opinion, give

2    this evidence full consideration along with all the other evidence in the case in determining whether

3    the Government has proved Mr. Aryeetey's guilt beyond a reasonable doubt.  Once again,

4    however, it is for you to decide what weight, if any, to give to this evidence.

5    **G.    Investigative Technique**

6          You have heard reference to the fact that certain investigative techniques were or were not

7    used by law enforcement authorities.  There is no legal requirement that law enforcement agents

8    investigate crimes in a particular way or that the Government prove its case through any particular

9    means.  While you are to carefully consider the evidence presented, or the lack of evidence, you

10    need not speculate as to why law enforcement used the techniques they did, or why they did not

11    use other techniques.  The Government is not on trial and law enforcement techniques are not your

12    concern.  Your sole concern is to determine whether or not, based on the evidence or lack of

13    evidence, the guilt of Mr. Aryeetey has been established beyond a reasonable doubt.

14    **H.    Recordings**

15          Audio and video recordings of various telephone conversations and events have been

16    admitted into evidence.  The Government's use of audio and video recordings as a method for

17    gathering evidence is perfectly lawful, and the Government is entitled to use the recordings in this

18    case.

19    **I.    Uncalled Witnesses**

20          During the course of trial, you have heard reference to other persons who did not appear in

21    court to testify.  I instruct you that each party had equal opportunity, or lack of opportunity, to call

22    any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions

1  as to what those witnesses would have testified to had they been called.  Their absence should not

2  affect your judgment in any way.

3      As I have said, the law does not impose on a defendant in a criminal case the burden or

4  duty of calling any witnesses or producing any evidence, and the burden always rests with the

5  Government to prove a defendant's guilt beyond a reasonable doubt.

6  **J.      Defendant's Right Not to Testify**

7      In this case, Mr. Aryeetey decided not to testify.  You may not attach any significance or

8  draw adverse inference to the fact that Mr. Aryeetey did not testify.  You may not consider this

9  against Mr. Aryeetey in any way in your deliberations in the jury room, and it should not be

10  discussed.

11      This is because, under our Constitution, a defendant has no obligation to testify or to

12  present any evidence, because it is the Government's burden to prove Mr. Aryeetey guilty beyond

13  a reasonable doubt.  That burden remains with the Government throughout the entire trial and

14  never shifts to a defendant.  A defendant is never required to prove that he is innocent.

15              **V.  Final Instructions Regarding Jury Deliberations**

16  **A.      Duties of the Foreperson**

17      The first thing you should do when you retire to deliberate is take a vote to select one of

18  you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has

19  reached a verdict, he or she will notify the Court Security Officer that the jury has reached a verdict,

20  and when you come into open court, the foreperson will be asked to state what the verdict is.

21  **B.      Right to See Exhibits and Hear Testimony; Communications with Court**

22      A list of the witnesses who testified at trial and of the exhibits introduced into evidence

23  will be sent to you in the jury room, along with a copy of the Indictment, a copy of my instructions

1    on the law, and a copy of the verdict form.  Also in the jury room is a laptop computer on which

2    we have uploaded the electronic exhibits that have been received in evidence during the trial.  You

3    therefore will be able to access and view any of the electronic exhibits in the jury room on that

4    computer.  And as I mentioned, you will have a list of these exhibits, which should help you

5    identify any exhibits you wish to view on the screen.

6            In addition, if you want to see any hard copies of the exhibits or to read or hear any of the

7    testimony during your deliberations, that can be arranged.  The firearm that was introduced into

8    evidence will not be sent back to the jury room, but if you wish to view it again I will arrange for

9    you to see it in this courtroom.  Please appreciate that it is not always easy to locate any testimony

10   that you might want, so be as clear and precise as you possibly can.  Any communication with me,

11   whether requesting exhibits or testimony or otherwise, should be made in writing, signed by the

12   foreperson with the date and time indicated, and given to the Court Security Officer.  Any notes

13   will become part of the record in this case.  I will respond to any questions or requests you have

14   as promptly as possible, either in writing or by having you return to the courtroom so I can speak

15   with you in person.  In any event, do not tell me or anyone else how the jury stands on the issue of

16   Mr. Aryeetey' guilt until after a unanimous verdict is reached.

17   **C.    Notes**

18           Many of you have taken notes periodically throughout this trial.  I want to emphasize to

19   you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes

20   that any of you may have taken should not be given any greater weight or influence in the

21   determination of the case than the recollections or impressions of other jurors, whether from notes

22   or memory, with respect to the evidence presented or what conclusions, if any, should be drawn

23   from such evidence.  Any difference between a juror's recollections and another juror's notes

**DRAFT**

1    should be settled by referring to the transcript, for it is the court record rather than any juror's notes

2    upon which the jury must base its determination of the facts and its verdict.

3    **D.    Improper Considerations:  Race, Religion, National Origin, Sex, or Age**

4    Your verdict must be based solely upon the evidence developed at trial or the lack of

5    evidence.  In reaching your decision as to whether the Government sustained its burden of proof,

6    it would be improper for you to consider any personal feelings—positive or negative—you may

7    have about a defendant's race, religion, national origin, sex, or age.  Mr. Aryeetey and the

8    Government are entitled to a trial free from prejudice, and our judicial system cannot work unless

9    you reach your verdict through a fair and impartial consideration of the evidence.

10   **E.    Verdict Form and Return of Verdict**

11   We have prepared a verdict form for you to use in recording your decisions.  After you

12   have reached a verdict, the foreperson should fill in the verdict sheet, sign it noting the date and

13   time, and then give a **note**—not the verdict sheet—to the Court Security Officer outside your door

14   stating simply that you have reached a verdict.  **Do not** specify what the verdict is in your note.

15   Instead, the foreperson should retain the verdict sheet, and give the verdict to me in open court

16   when you are all called in.

17   I will stress again that each of you must be in agreement with the verdict that is announced

18   in court.  Once your verdict is announced by your foreperson in open court and officially recorded,

19   it cannot ordinarily be revoked.

20   **F.    Juror Oath**

21   I remind you that you took an oath to render judgment impartially and fairly, without

22   prejudice or sympathy, solely upon the evidence in the case and the applicable law.  I know that

23   you will do this and reach a just and true verdict.

1    Under your oath as jurors, you are not to be swayed by sympathy.  If you let sympathy—

2    or for that matter, prejudice or bias—interfere with your thinking, there is a risk that you will not

3    arrive at a true and just verdict.  Rather, you are to be guided solely by the evidence in this case

4    and the law as I have instructed you.  And as you sift through that evidence, the crucial question

5    for you and you alone to decide as to the count against Mr. Aryeetey is: Has the Government

6    proved each element beyond a reasonable doubt?

7    If you have a reasonable doubt as to Mr. Aryeetey's guilt, then you must render a verdict

8    of acquittal.  But, on the other hand, if you find that the Government has met its burden of proving

9    guilt beyond a reasonable doubt, then you should not hesitate because of sympathy or any other

10   reason to render a verdict of guilty.

11   I also caution you that, under your oath as jurors, you cannot allow to enter into your

12   deliberations any consideration of the punishment that may be imposed upon Mr. Aryeetey if he

13   is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with me

14   and the issue of punishment may not affect your deliberations as to whether the Government has

15   established Mr. Aryeetey's guilt beyond a reasonable doubt.

16   **G.    Everyone Must be Present**

17   You are not to discuss the case unless all jurors are present.  Nine, ten, or even eleven jurors

18   together is only a gathering of individuals.  Only when all twelve jurors are present do you

19   constitute a jury, and only then may you deliberate.

20   **H.    Remaining Issues**

21   I will ask you to remain seated while I confer with the attorneys to see if there are any

22   additional instructions that they would like me to give to you, or if there is anything I may not have

23   covered.

**DRAFT**

1                              **VI.  Conclusion**

2          Members of the jury, that concludes my instructions to you.  You may now retire to the

3    jury room and begin this phase of your deliberations.  As the first matter of business, please select

4    a foreperson and send me a note, signed, dated, and timed, through the Court Security Officer,

5    telling me whom you have elected as your foreperson.  In conclusion, ladies and gentlemen, I am

6    sure that if you listen to the views of your fellow jurors and if you apply your own common sense

7    you will reach a fair verdict here.